## Clark *v.* Holton.

As sheriffs' sales for taxes, and deeds founded thereon, are, under the code, governed by the same rules that apply to ordinary sheriffs' sales, a deed made by a sheriff reciting a tax *fi. fa.* and the sale thereunder, is admissible in evidence with the *fi. fa.* to which it refers, although the deed be blank as to the day and month of the levy, and also of the sale, except that the sale was on a first Tuesday, and although the deed itself be undated except as to the year. If necessary, parol evidence is admissible to supply the omitted dates and to prove the amount for which the property sold and the actual payment thereof by the purchaser to the sheriff.　　　　　　　　　　　　　　*Judgment reversed.*

April 30, 1894. Argued at the last term.

Ejectment. Before Judge Sweat. Appling superior court. March term, 1893.

On July 7, 1891, J. J. Clark sued Nathaniel Holton for land lot 30 in the second district of Appling county. The plaintiff offered in evidence a wild land tax *fi. fa.* and a sheriff's deed, which were rejected by the court; to which ruling, and to the grant of a nonsuit, the plaintiff excepted. The *fi. fa.* appears to have been issued by W. L. Goldsmith, comptroller-general, October 1, 1877, is directed to all and singular the sheriffs of said State, and commands them to levy upon and sell according to law lot of wild land number 30, district 2, county of Appling, so as to make $6.42, the same being State and county tax on said lot of land for the years 1874–5 and –76, with lawful costs, etc. Indorsed on the *fi. fa.* was an entry of levy on said lot, April 1, 1878, by the sheriff of Appling county; and the following entries: "Name of purchaser, settled by J. J. Clark. Date of sale, May 7th, 1878. County of sale, Appling. Sheriff's costs, $4. Advertising, $4." The deed was signed by the sheriff who signed the entry of levy. It bore an entry of record dated May 31, 1879. The date of it is recited as "the　　　　day of　　　　in the year of our Lord

1878." It recites that the sheriff "did on the day of    1878, levy upon the land" mentioned in the *fi. fa.*, "and on the first Tuesday in    1878, expose the same to public sale in Baxley in said county, before the court-house door between the legal hours of sale, after advertising the same for the term of once a week for four weeks, . . . did sell the said property on the    day of    1878, the same being levied on and sold as unreturned wild land under and by virtue of an execution issued by W. L. Goldsmith, comptroller-general of said State, for State and county tax due thereon," to J. J. Clark, the highest bidder, for $17.50; the lot containing 490 acres, and certain stated fractional parts of it having first been offered, etc.

On objection that the deed did not follow the *fi. fa.*, in that it did not recite the day or month of levy or sale, plaintiff offered to prove by parol that the land was sold under said *fi. fa.* by said sheriff on the first Tuesday in May, 1878, before the court-house door of said county during the legal hours of sale, to J. J. Clark as the highest and best bidder; and that the entries on the back of the *fi. fa.*, stating the name of the purchaser and the date and county of sale, were in the handwriting of said sheriff, and were by him made on May 7th, 1878. The testimony was rejected.

GRAHAM & PARKER, for plaintiff.
G. J. HOLTON & SON, for defendant.